UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PENGUIN AIR CONDITIONING CORP., 285 MADISON
OWNER, LLC, RFR REALTY, LLC, RFR HOLDING (NY),
and STRUCTURE TONE, INC.,                                        Civil Case No.:

                         Plaintiffs,     **COMPLAINT FOR**
                                                       **DECLARATORY**
         - against -     **JUDGMENT**

TRAVELERS INDEMNITY COMPANY,

                         Defendant.
------------------------------------------------------------------------X

       Plaintiffs PENGUIN AIR CONDITIONING CORP. ("PENGUIN"), 285 MADISON

OWNER, LLC ("OWNER"), RFR REALTY, LLC ("RFR REALTY"), RFR HOLDING (NY)

("RFR HOLDING") and STRUCTURE TONE, INC. ("STI") (hereinafter collectively, the

"PLAINTIFFS"), by and through their attorneys, LONDON FISCHER LLP, allege the following as

their Complaint for a Declaratory Judgment against defendant TRAVELERS INDEMNITY

COMPANY ("TRAVELERS"):

NATURE OF THE ACTION

      1.     This is a civil action for breach of contract and declaration of the obligations of

TRAVELERS under a commercial general liability policy issued to Penava Mechanical Corp.

("Penava")(the "Penava Policy" and/or "the named insured") with respect to a personal injury

action by an employee of Penava styled *Michael Dorset v. 285 Madison Owner, LLC, RFR*

*Realty, LLC, RFR Holding (NY) and Structure Tone, Inc.*, New York State Supreme Court, New

York County, under Index No. 157440/2014.

      2.     PLAINTIFFS' claims for insurance coverage arise from the third-party complaint

and second third-party complaint filed in the aforementioned action within the New York State

Supreme Court, New York County, under Index No. 157440/2014 (collectively the action is referred herein as the "Dorset Action").

3.     The Dorset Action alleges personal injuries that were purportedly sustained on March 16, 2014 in the course of his work for Penava at a construction project located at 285 Madison Avenue, New York, New York (the "Property") owned by Plaintiff OWNER.

4.     On December 14, 2012, OWNER entered into a management agreement with RFR REALTY as its managing agent of the Property to oversee renovation and operation of the building.

5.     On December 28, 2012, OWNER and RFR REALTY contracted with STI to perform certain work and services as the general construction manager of the Property.

6.     Upon information and belief, RFR REALTY is responsible for all activities and services related to the operation of RFR HOLDING's commercial properties and development projects. RFR REALTY is a subsidiary of RFR HOLDING (collectively, OWNER, RFR REALTY, RFR HOLDING, and STI is hereinafter referred to collectively as "STI GROUP").

7.     On June 20, 2013, the STI GROUP contracted with PENGUIN to perform work at the Property and said contract required PENGUIN to purchase insurance and indemnify the STI GROUP.

8.     On or about September 18, 2013, PENGUIN hired Penava pursuant to a written subcontract and purchase order whereby Penava agreed to perform certain HVAC work and services at the Property. Penava agreed, in writing, to indemnify and purchase insurance for PENGUIN and the STI GROUP.

9.     PLAINTIFFS seek damages for all defense costs, fees, and expenses incurred thus far in the Dorset Action and a declaration as to the existence and scope of TRAVELERS'

obligations to defend and indemnify PLAINTIFFS as additional insureds under the Penava Policy.

## THE PARTIES

10.     PENGUIN is a corporation organized in the State of New York with its principal place of business in New York.

11.     OWNER is a corporation organized in the State of Delaware with its principal place of business in New York.

12.     RFR REALTY is a corporation organized in the State of New York with its principal place of business in New York.

13.     RFR REALTY is a corporation organized in the State of Delaware with its principal place of business in New York.

14.     STRUCTURE TONE was incorporated in the State of New York and at all material times maintained its principal place of business in New York.

15.     Upon information and belief, TRAVELERS is an insurance company organized in the State of Connecticut with a principal place of business located at 1 Tower Square, Hartford, CT 86183.

16.     Upon information and belief, TRAVELERS is authorized to sell or write insurance in New York and, at all material times, has conducted and continues to conduct substantial insurance business in New York.

## JURISDICTION AND VENUE

17.     Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy

exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

18.     Personal jurisdiction over TRAVELERS is proper as it conducts business in the State of New York.

19.     Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

FACTUAL BACKGROUND

*The Underlying Personal Injury Lawsuit*

20.     PLAINTIFFS seek damages and a declaration of TRAVELERS' coverage obligations with respect to the Dorset Action.

21.     Michael Dorset commenced the Dorset Action by the filing of a summons and complaint. A copy of the summons and complaint is annexed hereto as **Exhibit "A"**.

22.     Dorset alleges in the Dorset Action that he sustained injuries on March 26, 2014 during the course of his employment with Penava when he purportedly tripped and fell at the Property. *See* Exhibit "A," ¶¶ 5, 13-14.

23.     Dorset's Complaint asserted claims and violations pursuant to Labor Law §§ 240(1), 241(6) and 200, Rule 23 of the Industrial Code of the State of New York and Article 1926 of O.S.H.A. committed by and the negligence of STI. *See* Exhibit "A", ¶ 14.

24.     OWNER, RFR REALTY and RFR HOLDING interposed an Answer dated August 25, 2014. STI interposed an Answer dated September 2, 2014. A copy of the answers are annexed hereto as **Exhibit "B"** and **"C"**.

25.     A Third-Party Summons and Complaint dated January 16, 2015, was filed by STI asserting claims of contractual defense and indemnity, common law indemnity, attorney's fees

and damages for breach of contract to procure insurance against PENGUIN and Penava arising from the claims in the Dorset. A copy of the Third-Party Summons and Complaint is annexed hereto as **Exhibit "D"**.

26.     In its Answer to the Third-Party Complaint dated March 27, 2015, Penguin asserted cross-claims for contractual indemnification and breach of contract for failure to procure insurance against Penava. A copy of Penguin's Answer to the Third-Party Complaint is annexed as **Exhibit "E"**.

27.     A Second Third-Party Summons and Complaint dated November 12, 2015 was filed by the STI GROUP asserting claims of contractual defense and indemnity, common law indemnity, attorney's fees and damages for breach of contract to procure insurance against PENGUIN, Penava, and Total Safety Consulting, LLC arising from the claims in the Dorset Action A copy of the Second Third-Party Summons and Complaint is annexed hereto as **Exhibit "F"**.

28.     In its Answer to the Second Third-Party Complaint dated November 25, 2015, Penguin asserted cross-claims against Penava contractual indemnification, contribution, and breach of contract for failure to procure insurance. A copy of Penguin's Answer to the Third-Party Complaint is annexed as **Exhibit "G"**.[1]

29.     Pursuant to a written agreement executed prior to the circumstances alleged in the Dorset Action, Penava was obligated to purchase general liability insurance providing coverage to PLAINTIFFS on a primary and non-contributory basis.

---

[1] All claims, counterclaims, cross-claims, third-party claims, third-party counterclaims and crossclaims, second third-party claims, and second third-party counterclaims and crossclaims are incorporated within the reference to the "Dorset Action."

*The PENGUIN-Penava Subcontract Agreement*

30.     On or about September 18, 2013, PENGUIN entered into written agreement and purchase order (number 43156) with Penava whereby Penava agreed to perform certain HVAC work and services at the Property (the "Penguin-Penava Contract"). A copy of the Penguin-Penava Contract is annexed hereto at **Exhibit "H"**.

31.     Through and including March 26, 2014, the date of Dorset's alleged incident, Penava was under a contract with Penguin to perform work at the Project pursuant to Penguin-Penava Contract.

32.     The Penguin-Penava Contract was in effect at all times relevant to the Dorset Action.

33.     The Additional Terms and Conditions of the Penguin-Penava Contract required Penava, as "Subcontractor", to provide certain insurance and reads, in relevant part:

> Subcontractor is obligated to purchase, at Subcontractor's own expense, for Penguin, the following insurances for all work performed in accordance with this Purchase Order. **The following insurances are to name Penguin and such other entities as required by the Contract Documents as additional insureds**… In the event that the Contract Documents require Penguin to purchase insurance of an additional nature or of a greater limit of liability than set forth below, the Subcontractor shall so provide such additional insurance and/or greater limit of liability to Penguin at its own expense. Copies of the insurance policy must be presented to Penguin, in form and content satisfactory to Penguin, prior to commencing any work and prior to receiving any payments, evidencing purchase of the flowing insurance **as primary**: …
>
> > (b) Commercial General Liability Insurance with a $5,000,000 limit of liability for bodily injury and property damage (broad form) combined single limit per occurrence/aggregate…[and]
> >
> > (d) Blanket written contractual liability covering all indemnity agreements with a $5,000,000 limit of liability.
>
> The insurance provided to Penguin as set forth above will have the full per claim and per occurrence limit of liability and aggregate limit of liability

available for payment of occurrences against Penguin. Impairment, exhaustion or unavailability of the full limits of liability of the above insurance for any claims and/or occurrences submitted to the insurance by Penguin shall constitute a breach of this insurance procurement obligation. Penguin's acceptance of insurance for the limits as stated above shall not limit Subcontractor's liability hereunder… **Penguin, the Owner, Tenant and General Contractor and any other entity required to be named by Penguin shall be named as additional insureds in the foregoing insurances**… **All Subcontractor furnished insurances shall be primary as respects the coverage afforded the additional insureds** and written on an "occurrence" basis; "claims-made" type will not be acceptable. Waiver of subrogation is required. **Any other insurance available to Penguin will be excess and non-contributing to that supplied by Subcontractor**.

*See* Exhibit H, Additional Terms and Conditions, ¶ 4. (emphasis added).

34.     The Additional Terms and Conditions of the Penguin-Penava Contract contain an indemnification provision, which reads in relevant part:

> To the fullest extent permitted by applicable law Subcontractor shall **defend, indemnify and hold** Penguin, the Owner, Tenant and General Contractor and the agents and employees of the foregoing **harmless of and from any all claims, suits, losses or expenses whether direct or consequential (including legal fees and other expenses of litigation) arising out of or in consequence of the performance of the Work**, including, without limitation, wrongful death, bodily injury, property damage and contractual and all other claims by any person, firm or corporation, regardless of whether the Subcontractor is partially negligent excluding only liability created by the sole and exclusive negligence of Penguin, Tenant, Owner and General Contractor.

*See* Exhibit H, Additional Terms and Conditions, ¶ 5. (emphasis added).

<u>*Plaintiffs' Tender to Travelers and Penava*</u>

35.     Pursuant to the Penguin-Penava Contract, as outlined above, Penava was obligated to add PLANTIFFS as additional insureds on its general liability policy.

36.     Prior to and effect through March 26, 2014, TRAVELERS issued a general liability policy to Penava, under which PLAINTIFFS qualify as additional insureds with respect to the Dorset Action.

37.     On March 30, 2015, PENGUIN tendered the defense and indemnification of PLAINTIFFS to TRAVELERS in the Dorset Action.

38.     On April 21, 2015, TRAVELERS denied that it had a duty to defend or indemnify PLAINTIFFS under the terms and conditions of the Penava Policy.

39.     PENGUIN served several subsequent demands to TRAVELERS requesting reconsideration of its denial to defend or indemnify PLAINTIFFS under the terms and conditions of the Penava Policy on the following dates: May 11, 2015, August 24, 2015, September 29, 2015, January 10, 2017, July 31, 2017, March 14, 2018 and May 14, 2019.

40.     On January 21, 2020, TRAVELERS responded to the PLAINTIFFS' letters referenced above and once again failed to comply with the terms and conditions of the Penava Policy.

41.     TRAVELERS' January 21, 2020 response letter denied that it has a duty to defend or indemnify Plaintiffs PENGUIN and RFR HOLDING.

42.     TRAVELERS' January 21, 2009 response letter denied that it had a duty to provide full defense and indemnification to Plaintiffs OWNER, STI, and RFR REALTY. Rather, TRAVELERS "agree[d] to participate in prorated defense cost sharing for [OWNER, STI, and RFR REALTY], subject to a reservation of rights to disclaim any duty to indemnify [OWNER, STI, and RFR REALTY] to the extent they are liable for damages not caused by Penava's work or due to their own independent acts or omissions".

43.     TRAVELERS has failed to satisfy its obligation to provide full defense and indemnification to PLAINTIFFS in the Dorset Action.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(Declaratory Judgment – Additional Insured Status of PLAINTIFFS)

44.     The PLAINTIFFS repeat and reiterate each and every allegation heretofore made in paragraphs designated "1" through "42" inclusive, with the same force and effect as if set forth herein.

45.     PLAINTIFFS are entitled to additional insured status on the Penava Policy with respect to the claims made in the Dorset Action.

46.     PLAINTIFFS timely demanded that TRAVELERS acknowledge PLAINTIFFS as additional insureds with respect to the claims made in the Dorset Action.

47.     TRAVELERS has failed to acknowledge and accept PLAINTIFFS as additional insureds with respect to the claims made in the Dorset Action.

48.     TRAVELERS breached its obligations under the Penava Policy by failing to acknowledge that PLAINTIFFS are an additional insured with respect to the claims made in the Dorset Action.

49.     Therefore, Judgment should be entered accordingly declaring that PLAINTIFFS are additional insureds under the Penava Policy with respect to the Dorset Action.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
(Declaratory Judgment – Duty to Defend PENGUIN)

50.     The PLAINTIFFS reallege, repeat and reiterate each and every allegation heretofore made in paragraphs designated "1" through "48" inclusive, with the same force and effect as if set forth herein.

51.     Pursuant to the terms of the Penava Policy, TRAVELERS has an obligation to defend PLAINTIFFS for the claims alleged in the Dorset Action.

52.     Pursuant to the terms of the Penava Policy, TRAVELERS has an obligation to defend PLAINTIFFS for the Dorset Action on a primary and non-contributory basis.

53.     PLAINTIFFS timely demanded that TRAVELERS defend PLAINTIFFS for the claims made in the Dorset Action on a primary and non-contributory basis.

54.     TRAVELERS has failed to defend PLAINTIFFS in the Dorset Action.

55.     As a result of TRAVELERS' failure to defend PLAINTIFFS, PLAINTIFFS have been obligated to expend sums of legal fees, costs, and expenses in their own defense in the Dorset Action.

56.     PLAINTIFFS have incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defenses of PLAINTIFFS in the Dorset Action.

57.     Therefore, PLAINTIFFS seek a declaration that TRAVELERS is obligated to defend PLAINTIFFS in the Dorset Action on a primary and non-contributory basis, and is obligated to reimburse PLAINTIFFS for expenses, including all attorneys' fees and costs incurred in connection with the defense of the Dorset Action, together with interest thereon. As such, TRAVELERS has waived and is estopped from contesting the fair and reasonable cost that has been incurred and accrued in the defense of the STI GROUP and PENGUIN due to TRAVELERS wrongful denial of coverage.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
(Declaratory Judgment – Duty to Indemnify PLAINTIFFS)

58.     The PLAINTIFFS reallege, repeat and reiterate each and every allegation heretofore made in paragraphs designated "1" through "56" inclusive, with the same force and effect as if set forth herein.

59.     Pursuant to the terms of the Penava Policy, TRAVELERS has an obligation to indemnify PLAINTIFFS for all amounts for which PLAINTIFFS have become legally obligated to pay as damages because of bodily injury or property damage in connection with the Dorset Action, on a primary and non-contributory basis.

60.      TRAVELERS has denied or otherwise failed to acknowledge its obligation to indemnify PLAINTIFFS in connection with the Dorset Action.

61.     PLAINTIFFS seek a declaration that TRAVELERS is obligated to indemnify PLAINTIFFS in connection with the Dorset Action, on a primary and non-contributory basis.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
(Breach of Contract)

62.     The PLAINTIFFS reallege, repeat and reiterate each and every allegation set forth in Paragraphs "1" through "60" of this Complaint as if fully set forth at length herein.

63.     TRAVELERS has breached its contractual obligations by refusing to defend, indemnify and provide coverage for the PLAINTIFFS for the claims asserted against them in the Dorset Action as required by the Penava Policy.

64.     By reason of the foregoing, PLAINTIFFS are entitled damages, including defense costs and interest arising from the contract breach.

<u>DEMAND FOR JURY TRIAL</u>

65.     Pursuant to Federal Rule of Civil Procedure 38, the PLAINTIFFS hereby demand a trial by jury in the above-captioned action of all issues triable by jury.

WHEREFORE, the PLAINTIFFS demand judgment against the defendant as follows:

a.  Declaring that PENGUIN, OWNER, STI, RFR REALTY, and RFR HOLDING are additional insureds under the Penava Policy with respect to the Dorset Action;

b.  Declaring that TRAVELERS improperly denied a defense to PENGUIN and RFR HOLDING and a;

c.  Declaring that TRAVELERS improperly denied a full defense to OWNER, STI, and RFR REALTY;

d.  Declaring that TRAVELERS must provide a defense of PLAINTIFFS in the Dorset Action on a primary and non-contributory basis, and that TRAVELERS has waived and is estopped from contesting the fair and reasonable cost that has been incurred and accrued in the defense of the PLAINTIFFS due to TRAVELERS wrongful denial of coverage;

e.  Declaring that TRAVELERS must indemnify PLAINTIFFS on a primary and non-contributory basis in connection with the Dorset Action;

f.  Awarding damages against TRAVELERS for all legal fees, costs and expenses that have been incurred and continue to be incurred by PLAINTIFFS in the Dorset Action, together with interest;

g.  Awarding PLAINTIFFS the costs and fees incurred for this suit herein, and;

h.  Awarding PLAINTIFS such other, further and different relief that this Court deems just and proper.

Dated: New York, New York
        April 30, 2020

                              LONDON FISCHER LLP

                              *Jason M. Myers*

        By:   _____
                              Jason M. Myers
                              Attorneys for the Plaintiffs
                              59 Maiden Lane, 39th Floor
                              New York, New York 10038
                              (212) 972-1000