UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PENGUIN AIR CONDITIONING CORP., 285 MADISON OWNER, LLC, RFR REALTY, LLC, RFR HOLDING (NY), and STRUCTURE TONE, INC,

                         Plaintiffs,

      vs.

TRAVELERS INDEMNITY COMPANY,

                         Defendant.
------------------------------------------------------------------------x

PARTIAL ~~PROPOSED~~ JUDGMENT

Civil No. 20-CV-03377 (JMF)

By motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs, Penguin Air Conditioning Corp. ("Penguin Air") and 285 Madison Owner, LLC, RFR Realty LLC, and Structure Tone (collectively, the "Owners") sought summary judgment against Defendant, Travelers Indemnity Company ("Travelers"), declaring that Travelers has a primary duty to defend and to indemnify Penguin and the Owners in an underlying personal injury action brought by Michael Dorset (the "Claimant") in New York Supreme Court, New York County under Index number 157440/2014 and related third party actions (collectively, the "Underlying Action") under a Travelers liability policy issued to Penava Mechanical Corp. (the "Travelers Policy") [ECF Nos. 30-34, 42-43]. Travelers opposed Plaintiffs' motion and by cross-motion brought pursuant to Rule 56 of the FRCP sought summary judgment declaring that (i) Travelers has no duty to defend or to indemnify Penguin Air in the Underlying Action; (ii) Travelers' duty to defend the Owners in the Underlying Action is co-primary with the duty to defend of Continental Casualty Company ("Continental") under a Continental liability policy issued to Penguin Air (the "Continental Policy"); and (iii) it

is premature to determine Travelers duty, if any, to indemnify the Owners in connection with the Underlying Action [ECF Nos. 36-39, 43],

By Opinion and Order dated September 24, 2021 [ECF No. 45], this Court granted in part and denied in part the motions for summary judgment of the parties (the "Order"). In accordance with that Order, it is hereby

ADJUDGED AND DECREED that Travelers had a duty to defend Penguin Air in the Underlying Action from the date of tender, March 30, 2015, to the date that the Owners' claims were discontinued against Penguin Air, July 26, 2017, and Penguin Air is entitled to reimbursement from Travelers for defense costs incurred during that time ($36,115.51), plus interest ($17,335.48), in a total amount of $53,450.99. Since July 26, 2017, Travelers had and has no duty to defend Penguin Air in the Underlying Action, and Travelers has no duty to indemnify Penguin Air in connection with the Underlying Action; ;

IT IS FURTHER ADJUDGED AND DECREED that Travelers' duty to defend the Owners in the Underlying Action under the Travelers Policy is co-primary with Continental's duty to defend the Owners in the Underlying Action under the Continental Policy. Travelers and Continental are to share equally (50% each) all past and future defense costs incurred on behalf of the Owners in the Underlying Action. As to past defense costs, Travelers shall reimburse Continental for Travelers' share of past defense costs from the date of tender, August 21, 2014, through September 30, 2021, in the amount of $106,752.60. As to future defense costs, London Fischer LLP, defense counsel for the Owners, shall submit defense invoices to Travelers and Continental for timely payment of their respective shares and;

IT IS FURTHER ADJUDGED AND DECREED that Plaintiffs' motion for summary judgment with respect to their claim that Travelers has a duty to indemnify the Owners is

premature and must await resolution of the Underlying Action and, thus, denied without prejudice to renew.

Dated:  New York, New York
        November 2, 2021

ENTER:

_____
Jesse M. Furman
United States District Court Judge

The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason to delay entry of this partial Judgment.